92 F.3d 1203
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ST. CLAIR INTELLECTUAL PROPERTY CONSULTING, INC., Plaintiff-Appellee,
v.
SHARP CORPORATION, Sharp Electronics Corporation, Damark
International, Inc., Dayton-Hudson Corporation,
and Montgomery Ward and Co., Inc., Defendants,
and
Touch Panel Systems Corporation and Gunze Limited, Movants-Appellants.
 No. 96-1064.
 United States Court of Appeals, Federal Circuit.
 May 21, 1996.
 
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 Touch Panel Systems Corporation and Gunze Limited (collectively Touch Panel) move for "clarification and reconsideration" of this court's April 26, 1996 order denying Touch Panel's motion to dismiss its appeal without prejudice. St. Clair Intellectual Property Consulting, Inc. opposes.
 
 
 2
 On April 12, 1996, Touch Panel moved for dismissal of its appeal "without prejudice to [Touch Panel's] right and ability to again pursue the relief originally sought in the underlying district court litigation and by this appeal in the event that it becomes necessary to do so at a later time." Touch Panel argued that its appeal was moot because the district court had dismissed the case in question without prejudice. Now, for the first time, Touch Panel characterizes that motion for dismissal as a motion for "an order vacating the order of the district court denying leave to [Touch Panel] to intervene in the action below." Touch Panel admits, and we agree, that this request was "not proposed expressly" in its original motion.
 
 
 3
 We decline to summarily vacate the district court's order denying Touch Panel leave to intervene. However, we will dismiss Touch Panel's appeal without prejudice to Touch Panel reinstating the appeal within 30 days after any reinstatement of the case by the district court.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 Touch Panel's motion for reconsideration is granted in part. Touch Panel's appeal is dismissed without prejudice to Touch Panel reinstating the appeal within 30 days after any reinstatement of the case by the district court.